1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiff, Robert Thomas, the
   Chapter 7 Trustee for the bankruptcy estate
7  of MJD Legacy Investments, Inc.

8

9              **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                   **SOUTHERN DIVISION**

12 | ROBERT THOMAS, AS CHAPTER 7 | Case No.
13 | TRUSTEE FOR THE ESTATE OF   |
   | MJD LEGACY INVESTMENTS,     | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR UNJUST ENRICHMENT, CONSTRUCTIVE TRUST AND EQUITABLE LIEN**
14 | INC.,                       |
15 |         Plaintiff,          |
16 |    vs.                      |
17 | NEWPORT BEACH AUTOMOTIVE    |
18 | GROUP, LLC d/b/a LAMBORGHINI|
   | NEWPORT BEACH,              |
19 |                             |
20 |         Defendant.          |

21

22     Plaintiff, Robert Thomas, the Chapter 7 Trustee ("Trustee") for the bankruptcy

23 estate of MJD Legacy Investments, Inc. ("Debtor"), by and through his undersigned

24 counsel, sues Newport Beach Automotive Group, LLC d/b/a Lamborghini Newport

25 Beach, a California limited liability company ("Newport Lamborghini" or

26 "Defendant"), and states as follows:

27

28

1744793.1 23042                    COMPLAINT

## PARTIES

1. The Trustee is the duly appointed, authorized, and acting Chapter 7 Trustee of the Debtor's estate and brings this action solely in his capacity as trustee.

2. Upon information and belief, Newport Lamborghini is a California entity in the business of selling Lamborghinis, a luxury vehicle brand.

## JURISDICTION AND VENUE

3. The Court has jurisdiction under 28 U.S.C. §1332 because there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (1) Newport Lamborghini resides in this District; and (2) most, if not all, of the events giving rise to the claims for relief alleged herein occurred in this District.

## PROCEDURAL BACKGROUND

5. On March 17, 2021 ("Petition Date"), the Debtor commenced this case by the filing of a voluntary chapter 7 petition under 11 U.S.C. (the "Bankruptcy Code") § 701 et seq., in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court"), initiating bankruptcy case no. 6:21-bk-01125-GER.

6. On March 18, 2021, the Trustee was appointed as the duly authorized and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

## GENERAL ALLEGATIONS

### The Debtor's Prepetition Claims Against Bluebell

7. Bluebell International, LLC ("Bluebell") is a Wyoming limited liability company owned by Rick Lee a/k/a Seung Mok Ok a/k/a Edward Seung Ok ("Lee").

8. Upon information and belief, and at all material times, Lee was either an inmate at Correctional Institution Big Spring (Flightline) in Big Spring, Texas, or otherwise resided in California with his wife Soran Lim ("Lim").

9. Bluebell's alleged business model was to charge high loan commitment fees, due diligence fees, and/or "commitment earnest/good faith deposits" (the "Fees") in order for Bluebell to evaluate a potential loan transaction and thereafter fund it.  In the event Bluebell failed to provide or fund the loan, it would be required to refund the Fees.

10. Bluebell regularly failed to close on the loans and thereafter refund the Fees to its clients.

11. Upon information and belief, Bluebell engaged in fraud by collecting high commitment fees for loans it knew it could not fund.

12. Between August 2019 and September 2019, the Debtor made transfers to Bluebell of approximately $780,000 (the "Debtor Transfers"), which included a loan from the Debtor to Bluebell in the amount of $360,000 (which loan was never repaid) and commitment fee payments for loans Bluebell never ultimately made.

13. On August 31, 2023, Lee and Lim were indicted by the United States of America (the "Indictment") in the United States District Court for the Southern District of Texas, Houston Division.

14. The Indictment alleges that Lee ran an "advance fee scheme" through Bluebell.

**The Bluebell Judgment**

15. On March 17, 2023, the Trustee commenced an action against Bluebell and Lee (Adv. Proc. No. 223-0023-GER) in the Bankruptcy Court for the avoidance and recovery of fraudulent transfers, breach of promissory note, unjust enrichment, and alter-ego.

16. On August 7, 2023, the Bankruptcy Court entered judgment in favor of the Trustee and against Bluebell for $730,000, plus post-judgment interest (the "Judgment").

**The Subject Transfers to Newport Lamborghini**

17. On or about August 28, 2019, Newport Lamborghini received a transfer from Bluebell in the amount of $273,485.53 ("2019 Transfer") for the purchase of a Lamborghini Urus ("Urus").

18. The sales contract related to the purchase of the Urus ("2019 Sale Contract") lists the buyer as "Milestone Holdings Group, LLC" with an address of 3024 E Chapman Avenue, #532, Orange, California 92869 ("Milestone"). A copy of the Retail Installment Contract is attached hereto as Exhibit A.

19. A letter dated August 29, 2019, from Geico General Insurance Company and the attached insurance identification cards, verifies the insured drivers of the Urus were Lee and Lim. A copy of the letter and insurance cards is attached hereto as Exhibit B.

20. The driver license provided for the 2019 Sale Contract is of Lim, and the insurance card is in the name of Lee and Lim. See Ex. A.

21. Subsequently, on or about January 6, 2020, Newport Lamborghini received a second transfer from Bluebell in the amount of $534,015.09 (the "Second Transfer") for the purchase of a Lamborghini Aventador ("Aventador").

22. The sales contract related to the purchase of the Aventador ("2020 Sale Contract") also lists the buyer as Milestone. A copy of the Retail Installment Contract is attached hereto as Exhibit C.

23. The driver license provided for the 2020 Sale Contract is of Lim, and the insurance card is in the name of Lee and Lim. See Ex. C.

24. Thereafter, on or about January 13, 2020, Newport Lamborghini received a third transfer from Bluebell in the amount of $5,970.00 (the "Third Transfer").

25. On or about October 14, 2020, Newport Lamborghini received a fourth transfer from Bluebell in the amount of $3,060.18.  The First Transfer, Second Transfer, Third Transfer, and Fourth Transfer are, collectively, the "Transfers."

26. Attached as Exhibit D is a schedule identifying the Transfers.  The Trustee reserves the right to amend this schedule based on additional information obtained during discovery in this lawsuit.

27. The Transfers were for the benefit of Bluebell's insider, Lee and Lim.

28. Upon information and belief, Bluebell was insolvent or became insolvent shortly after the Transfers were made or the obligation was incurred.

29. Upon information and belief, the Transfers occurred shortly before or shortly after Bluebell incurred a substantial debt.

### FIRST CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers under California Civil Code §§ 3439.04, 3439.07 and 3439.08 or other Applicable Law)**

30. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 29, inclusive, hereof and incorporates the same herein by this reference.

31. The Trustee is informed and believes, and based thereon alleges, that the Transfers were made with the actual intent to hinder, delay, or defraud one or more of Bluebell's creditors.

32. The Trustee is entitled to avoid the Transfers pursuant to California Civil Code sections 3439.04(a)(1) and 3439.07, or other applicable law.  Furthermore, under California Civil Code section 3439.08, the Trustee is entitled to

recover from the Defendant the value of the Transfers, up to the amount of the Judgment, plus interest thereon as allowed by law.

## SECOND CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers under California Civil Code §§ 3439.05, 3439.07 and 3439.08 or other Applicable Law)**

33. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 32, inclusive, hereof and incorporates the same herein by this reference.

34. The Trustee is informed and believes, and based thereon alleges, that Bluebell received less than reasonably equivalent value in exchange for the Transfers.

35. The Trustee is informed and believes, and based thereon alleges, that at the time the Transfers were made to or for the benefit of the Defendant, Bluebell was insolvent or became insolvent as a result of such Transfers.

36. The Trustee is entitled to avoid the Transfers pursuant to California Civil Code sections 3439.05 and 3439.07, or other applicable law.  Furthermore, under California Civil Code section 3439.08, the Trustee is entitled to recover from the Defendant the value of the Transfers, up to the amount of the Judgment, plus interest thereon as allowed by law.

## THIRD CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers under California Civil Code §§ 3439.04(a)(2)(A), 3439.07, and 3439.08 or other Applicable Law)**

37. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 36, inclusive, hereof and incorporates the same herein by this reference.

38. The Trustee is informed and believes, and based thereon alleges, that Bluebell received less than reasonably equivalent value in exchange for the Transfers.

39. The Trustee is informed and believes, and based thereon alleges, that when the Transfers were made, Bluebell was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with Bluebell was unreasonably small in relation to the business or transaction.

40. The Trustee is entitled to avoid the Transfers under California Civil Code sections 3439.04(a)(2)(A) and 3439.07, or other applicable law.  Furthermore, under California Civil Code section 3439.08, the Trustee is entitled to recover from the Defendant the value of the Transfers, up to the amount of the Judgment, plus interest thereon as allowed by law.

## FOURTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers under California Civil Code §§ 3439.04(a)(2)(B), 3439.07, and 3439.08 or other Applicable Law)**

41. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 40, inclusive, hereof and incorporates the same herein by this reference.

42. The Trustee is informed and believes, and based thereon alleges, that Bluebell received less than reasonably equivalent value in exchange for the Transfers.

43. The Trustee is informed and believes, and based thereon alleges, that when the Transfers were made, Bluebell intended to incur, or believed or reasonably should have believed that she would incur, debts that would be beyond her ability to pay as such debts became due.

44. The Trustee is entitled to avoid the Transfers under California Civil Code section 3439.04(a)(2)(B), or other applicable law.  Furthermore, under

California Civil Code section 3439.08, the Trustee is entitled to recover from the Defendant the property transferred to him or the value of the Transfers, up to the amount of the Judgment, plus interest thereon as allowed by law.

### FIFTH CLAIM FOR RELIEF
### (For Avoidance and Recovery of Fraudulent Transfers under California Common Law)

45. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 44, inclusive, hereof and incorporates the same herein by this reference.

46. The Trustee is informed and believes, and based thereon alleges, that the Transfers were made with the actual intent to hinder, delay, or defraud one or more of Bluebell's creditors.

47. The Trustee is entitled to avoid the Transfers pursuant to California common law.  Furthermore, the Trustee is entitled to recover from the Defendant the value of the Transfers, up to the amount of the Judgment, plus interest thereon as allowed by law.

### SIXTH CLAIM FOR RELIEF
### (To Avoid Unjust Enrichment)

48. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 47, inclusive, hereof and incorporates the same herein by this reference.

49. The Trustee is informed and believes, and based thereon alleges, that as a result of the Transfers herein alleged, the Defendant has been unjustly enriched, so that the Trustee is entitled to recover from the Defendant the property transferred to them or the value of the Transfers, up to the amount of the Judgment, plus interest thereon as allowed by law.

## SEVENTH CLAIM FOR RELIEF

### (To Impose Constructive Trust)

50. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 49, inclusive, hereof and incorporates the same herein by this reference.

51. The Trustee is informed and believes, and based thereon alleges, that the Transfers to the Defendant constitute identifiable and traceable property which was fraudulently transferred to the Defendant so that the Trustee is entitled to, among other things, a determination that the Defendant holds such property in trust for the benefit of the Trustee.

## EIGHTH CLAIM FOR RELIEF

### (For Imposition of Equitable Lien)

52. The Trustee repeats and re-alleges the allegations contained in paragraphs 1 through 51, inclusive, hereof and incorporates the same herein by this reference.

53. Based upon the above-mentioned conduct, the Trustee is entitled to impress upon the property transferred, or the value thereof, with equitable liens to prevent unjust enrichment, to do justice in equity and to prevent unfair results.

WHEREFORE, Trustee prays for Judgment as follows:

**FOR THE FIRST, SECOND, THIRD, FOURTH, FIFTH AND SIXTH CLAIMS FOR RELIEF**:

1. That a judgment be entered in favor of the Trustee recovering the property transferred to the Defendant or the value of the Transfers, up to the amount of the Judgment;

**FOR THE SEVENTH CLAIM FOR RELIEF**:

2. For a judgment imposing a constructive trust on the property received by the Defendant from Bluebell or the proceeds thereof held by Defendant, up to the amount of the Judgment, and determining that the Defendant holds said property in trust for the Trustee;

**FOR THE EIGHTH CLAIM FOR RELIEF**:

3. For a judgment imposing an equitable lien upon the property held by Defendant or the proceeds thereof held by Defendant, up to the amount of the Judgment;

**FOR ALL CLAIMS FOR RELIEF:**

4. For interest on the sums recovered;
5. For costs of suit incurred herein; and
6. For all other and further relief as the Court deems just and proper.

DATED: January 4, 2024         DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:     */s/ Aaron E. de Leest*
        AARON E. DE LEEST
        Attorneys for Plaintiff, Robert Thomas, the Chapter 7 Trustee for the bankruptcy estate of MJD Legacy Investments, Inc.

10
COMPLAINT
1744793.1  23042